IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10404
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARLAND KEITH YARBOROUGH,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:92-CR-46
- - - - - - - - - - -
February 11, 1998
Before SMITH, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Pursuant to a plea agreement, Garland Keith Yarborough was convicted of and sentenced for receiving a stolen firearm, a violation of 18 U.S.C. § 922(j), and then returned to state custody. He has not yet served his federal sentence. He appeals from the district court's denial of his motion that the federal detainer placed on him be discharged. He argues that the outstanding detainer should have been reviewed within 180 days and that the outstanding detainer has severely hampered his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rehabilitation and parole opportunities because inmates with detainers are not allowed certain vocational and educational opportunities and are not permitted to become outside trusties.

Yarborough is confusing a detainer issued for parole violation pursuant to 18 U.S.C. § 4214 with the detainer issued as a matter of course when a prisoner remanded to state custody must face an outstanding federal conviction and sentence subsequent to completion of the state sentence. "Federal detainers . . . issued by the United States Marshall . . . merely request that state prison officials notify the Marshall of a prisoner's release date so that a deputy marshall may be present on that day to take custody of the prisoner." *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). If Yarborough is being denied rehabilitative programs, then his only complaint is against the actions of state officials, not the outstanding federal detainer. *See Dovalina*, 711 F.2d at 740.

AFFIRMED.